# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>SHAUNNA ELAINE BLACK,<br><br>                Defendant. | CASE NO. 20CR1910-LAB<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582** |

      In 2021, Shaunna Elaine Black pled guilty to importation of methamphetamine, in violation of 21 U.S.C. § 960 and 962. The Court sentenced her to 50 months' custody, followed by five years of supervised release. She has served approximately 20 months of her sentence and is scheduled to be released from Bureau of Prisons ("BOP") custody on May 23, 2023. She moves for a reduction of sentence pursuant to 18 U.S.C. § 3582 (c)(1)(A), which permits a court to modify a defendant's term of imprisonment if it concludes that "extraordinary and compelling reasons" warrant a reduction after considering the factors set forth in 18 U.S.C. § 3553(a).

      Black maintains the Court should reduce her sentence to time served because she suffers from PTSD, psoriasis on seventy percent of her body, and psoriatic arthritis, and because she is a caregiver to her elderly in-laws. (Dkt. 71 at 13). She claims that her various medical conditions place her at a higher risk

of suffering serious complications should she contract COVID-19 while in prison. The Government opposes her request, arguing that Black's medical concerns aren't "extraordinary and compelling reasons," particularly because Black has been fully vaccinated, and her caretaker situation doesn't warrant release either. The Court agrees.

Black hasn't demonstrated that her medical conditions substantially diminish her ability to care for herself or to receive suitable treatment at Dublin FCI, where she is currently incarcerated according to the BOP website. *See* U.S.S.G § 1B1.13, App. Note 1(A)(ii)(I). Just the opposite—it appears that the BOP has properly attended to Black's medical conditions by providing her with prescription medication and consistent medical treatment throughout her incarceration. (*See* Dkt. 71). The BOP has also acted to abate Black's fear of contracting COVID-19 by implementing strong COVID-19 prevention policies, including mandatory testing for COVID-19 when inmates are exposed, vaccinations for inmates and staff, and medical isolation of any inmates known or suspected to have COVID-19. Bureau of Prisons, *BOP: COVID-19 Update*, https://www.bop.gov/coronavirus/ (last accessed July 28, 2022). Black's medical records also reflect that she has received both doses of the COVID-19 vaccine, which substantially lessens her risk of becoming seriously ill from the virus. (Dkt. 71 at 8, 13); *see* Centers for Disease Control and Prevention, *Science Brief: COVID-19 Vaccines and Vaccination*, https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/fully-vaccinated-people.html (last accessed July 28, 2022) (stating that "COVID-19 vaccines are highly effective against hospitalization and death for a variety of strains"). All of this mitigates the risk that she will contract COVID-19 or suffer from another life-threatening condition during the remainder of her sentence.

Black's concerns about caring for her elderly in-laws are also not "extraordinary and compelling" reasons justifying a reduction of her sentence.

Black alleges that because her mother-in-law has depression, anxiety, and arthritis, she isn't able to properly care of her father-in-law, who has diabetes and dementia. (Dkt. 71 at 9). But Black doesn't explain whether her in-laws' medical conditions are so advanced that they are unable to care for themselves, nor does she even allege that she's the only individual who can provide care for them. And more importantly here, according to the Sentencing Commission's policy statement, the only types of family circumstances that rise to the level of "extraordinary and compelling" include the death or incapacitation of the family member caregiver of the inmate's child or the incapacitation of the inmate's spouse or registered partner. U.S.S.G § 1B1.13, App. Note 1(C). Neither of those two situations is present here.

As a separate basis for denying Black's motion, the Court finds that the sentencing factors under 18 U.S.C. § 3553(a) continue to support her original sentence. Her offense—importing 269 grams of methamphetamine—was unquestionably serious, and the circumstances of the crime as recited in her Presentence Report weigh heavily against early release and predominate over other considerations. The court specifically finds that the need for specific deterrence (§ 3553(a)(3)(B)) and for protecting the public ((§ 3553(a)(2)(C)) support denying the motion.

Black's motion for early release is **DENIED**.

**IT IS SO ORDERED**.

Dated: July 28, 2022

*Larry A. Burns*

**HON. LARRY ALAN BURNS**
United States District Judge